IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-193-D

| | | |
|---|---|---|
| RODNEY D. PIERCE and MOSES MATTHEWS, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | **ORDER** |
| THE NORTH CAROLINA STATE BOARD OF ELECTIONS, et al., | ) ) ) ) | |
| Defendants. | ) | |

On November 20, 2023, Rodney D. Pierce ("Pierce") and Moses Matthews ("Matthews") (collectively "plaintiffs") filed a complaint against the North Carolina State Board of Elections and its five members in their official capacities (collectively "the Board defendants"), Philip E. Berger in his official capacity as President pro tempore of the North Carolina Senate ("Berger"), and Timothy K. Moore in his official capacity as Speaker of the North Carolina House of Representatives ("Moore") (collectively "the legislative defendants") alleging that North Carolina Senate Bill 758 ("SB 758"), which establishes new state Senate districts for North Carolina, violates Section 2 of the Voting Rights Act of 1965, codified at 52 U.S.C. § 10301 ("Section 2") [D.E. 1]. On November 20, 2023, plaintiffs also filed an emergency motion for expedited briefing and decision on plaintiffs' forthcoming motion for a preliminary injunction [D.E. 5] and filed a memorandum in support [D.E. 6]. On November 22, 2023, the legislative defendants responded in opposition [D.E. 12]. On November 22, 2023, plaintiffs replied [D.E. 20].

In their motion to expedite, plaintiffs propose the following deadlines:

- By November 22, 2023, plaintiffs move for a preliminary injunction.[1]
- By November 27, 2023, defendants respond in opposition.
- By November 28, 2023, plaintiffs reply.
- On November 29, 2023, the court holds oral argument, if needed.
- By December 1, 2023, the court decides plaintiffs' motion for a preliminary injunction.

See [D.E. 5] 2. Plaintiffs ask the court to decide their motion for a preliminary injunction by December 1, 2023, because candidate filing for 2024 elections begins on December 4, 2023. See [D.E. 6] ¶ 6.

On October 25, 2023, the North Carolina General Assembly enacted SB 758. See Compl. [D.E. 1] ¶ 2. Plaintiffs do not explain why they waited 26 days to file this action and 28 days to move for a preliminary injunction. In so waiting, plaintiffs belie their "claim that there is an urgent need for speedy action to protect [their] rights" or that their entitlement to a preliminary injunction is clear. John Lemmon Films, Inc. v. Atl. Releasing Corp., 617 F. Supp. 992, 996 (W.D.N.C. 1985). Moreover, plaintiffs fail to justify giving defendants one business day to respond to plaintiffs' motion for a preliminary injunction, which plaintiffs waited to file until the day before Thanksgiving. Cf. Court Holidays, https://www.nced.uscourts.gov/public1/holidays.aspx (last visited Nov. 27, 2023). Thus, plaintiffs ask the court to expedite defendants' response to a motion before the court or defendants know the contents of that motion. Cf. Allen v. Milligan, 599 U.S. 1, 16 (2023) (noting that the three-judge district court's preliminary injunction hearing involving a challenge to Alabama's congressional redistricting statute lasted seven days and included live testimony from 17 witnesses, more than 1,000 pages of briefing, approximately 350 exhibits, and arguments from 43 different lawyers). Plaintiffs also concede that "it would still be feasible" to grant a preliminary

---

[1] On November 22, 2023, plaintiffs moved for a preliminary injunction [D.E. 16] and filed a 25-page memorandum in support [D.E. 17] and five exhibits totaling over 400 pages [D.E. 17-1 to 17-5].

2

injunction after December 4, 2023. [D.E. 5] 2. Furthermore, plaintiffs' request completely ignores that their case is not the only case on the court's docket and that plaintiffs do not set this court's schedule for holding hearings or deciding motions. This court has over 1,000 cases. For example, this week the court will hold thirteen sentencing hearings, three revocation hearings, a civil bench trial, and two pretrial conferences in criminal cases set for jury trial during the weeks of December 4, 2023, and December 11, 2023. The court also will resolve countless motions in numerous other cases.

"Redistricting based on section 2 of the Voting Rights Act . . . is . . . sometimes undertaken with looming electoral deadlines. But it is not a game of ambush." In re Landry, 83 F.4th 300, 303 (5th Cir. 2023). This court declines plaintiffs' invitation to make this case a game of any kind, much less a game of ambush. Plaintiffs fail to justify their expedited schedule.

In opposition to this conclusion, plaintiffs contend that the "General Assembly unreasonably delayed six months before enacting the 2023 Senate map" and defendants allegedly should have the expert analyses they need to respond to plaintiffs' motion for a preliminary injunction. See [D.E. 20] ¶¶ 1, 3 (emphasis removed). The court rejects plaintiffs' contention that six months is an "unreasonable delay" for the General Assembly to enact a new electoral Senate map. Cf. Covington v. State, 267 F. Supp. 3d 664, 666–67 (M.D.N.C. 2017) (describing the process of redrawing legislative districts). Moreover, plaintiffs seek expedited relief in this court, not defendants. Thus, plaintiffs bear the burden of justifying an expedited process. See, e.g., Schaffer ex rel. Schaffer v. Weast, 546 U.S. 49, 51, 56–58 (2005). Plaintiffs have not met that burden.

Even if defendants have evidence concerning Section 2 in the legislative record, in light of plaintiffs' 28-day delay, plaintiffs still fail to explain why the court should expect defendants to convert that evidence into a response to plaintiffs' motion for a preliminary injunction within one

3

business day or over the Thanksgiving holiday weekend. Plaintiffs assert they "worked diligently," [D.E. 20] ¶ 2, but do not, for example, explain how long it took their three experts to prepare their analyses or how long they then needed to prepare their extensive filings in support of their motion for a preliminary injunction. Accordingly, the arguments fail.

In sum, the court DENIES as meritless plaintiffs' emergency motion to expedite [D.E. 5]. Defendants may file a response to plaintiffs' motion for a preliminary injunction in accordance with this court's local rules. See Local Civ. R. 7.1(f)(1). Plaintiffs may reply in accordance with this court's local rules. See Local Civ. R. 7.1(g)(1). The court will hold a hearing in due course if one is needed to resolve plaintiffs' motion for a preliminary injunction.

SO ORDERED. This 27 day of November, 2023.

JAMES C. DEVER III
United States District Judge