# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### EASTERN DIVISION
Civil Action No. 4:23-cv-193-D

| | | |
|---|---|---|
| RODNEY D. PIERCE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | **STATE BOARD DEFENDANTS'** |
| v. | ) | **ANSWER** |
| | ) | **TO FIRST AMENDED** |
| THE NORTH CAROLINA STATE BOARD | ) | **COMPLAINT** |
| OF ELECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

Defendants, the North Carolina State Board of Elections, Alan Hirsch, Jeff Carmon, III, Stacy Eggers, IV, Kevin N. Lewis, and Siobhan O'Duffy Millen, named in their official capacities ("State Board Defendants"), hereby answer Plaintiffs' First Amended Complaint [D.E. 13] as follows:

1.     It is admitted that Senate Bill 758 established new state Senate districts for North Carolina. Otherwise, State Board Defendants neither admit nor deny this allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

2.     It is admitted that Senate Bill 758 was passed on October 25, 2023. Otherwise, State Board Defendants neither admit nor deny this allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

3.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. The remainder of the allegation is neither admitted nor denied to the extent that the allegation cites legal authority that is a matter of public record, speaks for itself, is the best

1

evidence of its content, and contains legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

4.       State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

5.       State Board Defendants neither admit nor deny this allegation to the extent the allegation states Plaintiffs' request for relief. As to remainder of the allegation, State Board Defendants neither admit nor deny this allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

## JURISDICTION AND VENUE

6.       Admitted upon information and belief.

7.       Admitted.

8.       Admitted upon information and belief.

9.       Admitted.

## PARTIES

10.       Admitted upon information and belief.

11.       State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

2

12. State Board Defendants lack sufficient information to admit or deny the allegations of this paragraph.

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted upon information and belief.

20. Admitted upon information and belief.

## LEGAL BACKGROUND

21. Neither admitted nor denied to the extent that the legal authorities cited are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions.

22. Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

23. Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

24. Neither admitted nor denied to the extent that the legal authorities cited are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions.

25. Neither admitted nor denied to the extent that the content of the allegation is derived from legal authority that is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

26.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

27.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

28.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

## FACTUAL ALLEGATIONS

### A.     North Carolina's 2023 Redistricting Process

29.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.  Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

30.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.  Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

31.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.  Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

32.     Neither admitted nor denied as this allegation is not directed at State Board Defendants.  Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

33.     Neither admitted nor denied as this allegation is not directed at State Board

Defendants. Neither admitted nor denied to the extent that the legislative history cited is a matter of public record, speaks for itself, and is the best evidence of its content.

34. Neither admitted nor denied as this allegation is not directed at State Board Defendants. Neither admitted nor denied to the extent that the legal authority cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

35. Neither admitted nor denied as this allegation is not directed at State Board Defendants. Neither admitted nor denied to the extent that the legislative history cited is a matter of public record, speaks for itself, and is the best evidence of its content.

**B.     The 2023 State Senate Redistricting Plan**

36. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

37. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

38. State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

39.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

40.     Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

41.     Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

42.     Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

43.     Neither admitted nor denied to the extent that the legislation cited is a matter of public record, speaks for itself, and is the best evidence of its content.

44.     Neither admitted nor denied to the extent that the materials referenced are matters of public record, speak for themselves, and are the best evidence of their contents. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

6

### C. Black North Carolinians in the Black Belt Counties Are Sufficiently Numerous and Geographically Compact To Constitute a Majority- Minority District

45. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

46. Neither admitted nor denied to the extent that the materials referenced are matters of public record, speak for themselves, and are the best evidence of their contents. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

47. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

48. Neither admitted nor denied to the extent that the materials referenced are matters of public record, speak for themselves, and are the best evidence of their contents. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

49. Neither admitted nor denied to the extent that the materials referenced are matters of public record, speak for themselves, and are the best evidence of their contents. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the allegation.

50. Neither admitted nor denied to the extent that the materials referenced are matters of public record, speak for themselves, and are the best evidence of their contents. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a

response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

### D. Voting in the Relevant Area Is Racially Polarized

51. Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

52. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

53. Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

54. Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

55. Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory

allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

56.     Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

57.     Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

### E.     The Totality of the Circumstances Establishes That the Enacted Plan Has the Effect of Denying Black Voters an Equal Opportunity To Participate in the Political Process and To Elect Candidates of Their Choice

58.     Neither admitted nor denied to the extent that the allegation cites legal authorities that are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

### 1. North Carolina's History of Racial Discrimination

59.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

60.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

61.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

62.     Neither admitted nor denied to the extent that the cases cited are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions.

63.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

64.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

65.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

66.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

67.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

### 2. North Carolina's History of Unlawful Race-Based Redistricting

68.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent this conclusory allegation is based upon historical records or cases, neither admitted nor denied as such records are matters of public record, speaks for

themselves, and are the best evidence of their content. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations, and therefore deny the same.

69.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

70.     Neither admitted nor denied to the extent that the cases cited are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions.

71.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

72.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

### 3.  Ongoing Effects of North Carolina's History of Discrimination

73.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

74.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

75.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

76.     Neither admitted nor denied to the extent that the cases cited are matters of public record, speak for themselves, are the best evidence of their contents, and contain legal conclusions.

77.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining

allegations, and therefore deny the same.

### 4. History of Racial Appeals in North Carolina Political Campaigns

78.     Neither admitted nor denied to the extent that the case cited is a matter of public record, speaks for itself, is the best evidence of its content, and contains legal conclusions.

79.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants and references matters that are of public record, speak for themselves, and are the best evidence of their content.

80.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants and references matters that are of public record, speak for themselves, and are the best evidence of their content.

81.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants and references matters that are of public record, speak for themselves, and are the best evidence of their content.

82.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

83.     State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants and references matters that are of public record, speak for themselves, and are the best evidence of their content. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

**CLAIMS FOR RELIEF**

**COUNT I**

**Violation of Section 2 of the Voting Rights Act—Vote Dilution**
**52 U.S.C. § 10301**

84.    State Board Defendants incorporate their previous responses.

85.    Neither admitted nor denied to the extent that Section 2 of the Voting Rights Act speaks for itself and is the best evidence of its content.

86.    State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations content.

87.    State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

88.    State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

89.    Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

90.    Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations

## COUNT II

### Violation of Section 2 of the Voting Rights Act—Vote Dilution
### 42 U.S.C. § 1983

91.    State Board Defendants incorporate their previous responses.

92.    Neither admitted nor denied to the extent that 42 U.S.C. § 1983 speaks for itself and is the best evidence of its content.

93.    Neither admitted nor denied to the extent that Section 2 of the Voting Rights Act speaks for itself and is the best evidence of its content.

94.    State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

95.    State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

96.    State Board Defendants neither admit nor deny the allegation as it is not directed at State Board Defendants. To the extent that this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining

allegations.

97.    Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

98.    Because this paragraph contains argument or conclusory allegations, no response is required. To the extent a response is required, State Board Defendants lack sufficient information to admit or deny the argument, conclusory allegations, or any remaining allegations.

**ANY AND ALL OTHER ALLEGATIONS MADE IN PLAINTIFFS' COMPLAINT, INCLUDING THE RELIEF REQUESTED, EXCEPT AS SPECIFICALLY ADMITTED ABOVE, ARE HEREBY DENIED.**

**FURTHER ANSWERING THE COMPLAINT AND AS FOR ANY DEFENSES THERETO, DEFENDANTS ASSERT THE FOLLOWING:**

State Board Defendants reserve the right to assert defenses against Plaintiff that may become apparent during the course of litigation and discovery.

Respectfully submitted this the 19th day of January, 2023.

NORTH CAROLINA
DEPARTMENT OF JUSTICE

/s/ Terence Steed
Terence Steed
Special Deputy Attorney General
N.C. State Bar No. 52809
E-mail: tsteed@ncdoj.gov

Mary Carla Babb
Special Deputy Attorney General
N.C. State Bar No. 25731
mcbabb@ncdoj.gov

N.C. Department of Justice
P.O. Box 629
Raleigh, NC  27602-0629
Telephone:  (919) 716-6567
Facsimile:  (919) 716-6761

*Attorneys for the State Board*