IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:23-CV-193-D

| | |
|---|---|
| RODNEY D. PIERCE and MOSES MATTHEWS, <br><br> Plaintiffs, <br><br> v. <br><br> THE NORTH CAROLINA STATE BOARD OF ELECTIONS, et al., <br><br> Defendants. | **ORDER** |

On November 20, 2023, Rodney D. Pierce ("Pierce") and Moses Matthews ("Matthews") (collectively "plaintiffs") filed a complaint against the North Carolina State Board of Elections and its five members in their official capacities (collectively "the Board defendants"), Philip E. Berger in his official capacity as President pro tempore of the North Carolina Senate ("Berger"), and Timothy K. Moore in his official capacity as Speaker of the North Carolina House of Representatives ("Moore") (collectively "the legislative defendants") alleging that SB 758, which establishes new state Senate districts for North Carolina, violates Section 2 of the Voting Rights Act ("VRA") of 1965, codified at 52 U.S.C. § 10301 ("Section 2") [D.E. 1].

On November 22, 2023, plaintiffs filed an amended complaint [D.E. 13], moved to enjoin SB 758 [D.E. 16], filed a memorandum in support [D.E. 17], and filed expert reports [D.E. 17-1, 17-2, 17-3]. On December 22, 2023, the legislative defendants responded in opposition to plaintiffs' motion for a preliminary injunction [D.E. 39] and filed exhibits and expert reports [D.E. 39-1 to 39-8]. On January 10, 2024, the court held a hearing on plaintiffs' motion for a preliminary injunction [D.E. 53]. On January 26, 2024, the court denied plaintiffs' request for a preliminary

injunction [D.E. 61] and plaintiffs appealed [D.E. 62]. On March 28, 2024, the Fourth Circuit affirmed [D.E. 68]. On June 18, 2024, the Fourth Circuit denied plaintiffs' petition for rehearing en banc [D.E. 77].

On June 26, 2024, the court ordered the parties to submit proposed scheduling orders not later than July 1, 2024 [D.E. 79]. On July 1, 2024, the parties filed two proposed scheduling orders [D.E. 80]. On July 2, 2024, the court issued its scheduling order with plaintiffs' expert disclosures and reports due on July 16, 2024, defendants' expert disclosures and reports due on August 16, 2024, plaintiffs' rebuttal expert reports due on August 30, 2024, and trial set for February 3, 2025 [D.E. 81].

On October 18, 2024, the legislative defendants moved to exclude all materials concerning "Demonstration District E" from trial [D.E. 86] and filed a memorandum in support [D.E. 87]. On October 28, 2024, plaintiffs responded in opposition [D.E. 88]. On November 4, 2024, the legislative defendants replied [D.E. 89]. As explained below, the court grants the legislative defendants' motion to exclude.

I.

Section 2 requires plaintiffs to prove, inter alia, that a "minority group [is] sufficiently large and [geographically] compact to constitute a majority in a reasonably configured district." Allen v. Milligan, 599 U.S. 1, 18 (2023) (quotation omitted). In seeking to prove this element, plaintiffs retained Blakeman B. Esselstyn ("Esselstyn"), Jonathan Mattingly ("Mattingly"), and Loren Collingwood ("Collingwood"). See [D.E. 87-1]; [D.E. 87-2]; [D.E. 87-3]. In response, the legislative defendants retained Sean P. Trende ("Trende"). See [D.E. 87-4].

On May 31, 2024, plaintiffs voluntarily disclosed Esselstyn, Mattingly, Collingwood, and provided their initial expert reports. See [D.E. 88-1] 3–4. Esselstyn's initial report discusses four

2

hypothetical "demonstration" districts that he contends are feasible majority-minority districts. See [D.E. 87-1] 15–27. These four demonstration districts are labeled "Demonstration District A" through "Demonstration District D." See id. Mattingly and Collingwood also limit their initial reports to these four demonstration districts. See [D.E. 87-2] 7–11; [D.E. 87-3] 20–42.

On August 16, 2024, the legislative defendants disclosed Trende and his report. See [D.E. 87-4]; [D.E. 89-1] 6. Trende predicated his report on plaintiffs' initial reports. See [D.E. 87-4] 6. Accordingly, Trende based his analysis on the four demonstration districts that Esselstyn, Mattingly, and Collingwood discussed. See id. at 21–54.

On August 30, 2024, plaintiffs provided their rebuttal reports. See [D.E. 87-5]; [D.E. 87-7]; [D.E. 87-8]. Esselstyn's rebuttal report addressed Trende's report, but also included a section outlining a new fifth demonstration district: "Demonstration District E." See [D.E. 87-5] 9–14. Mattingly and Collingwood also added sections concerning Demonstration District E to their rebuttal reports. See [D.E. 87-7] 3–4; [D.E. 87-8] 27–33.

The legislative defendants move to exclude all material related to Demonstration District E from trial under Federal Rules of Civil Procedure 26 and 37. See [D.E. 86] 1–2; [D.E. 87] 5–16. Plaintiffs oppose the motion. See [D.E. 88] 7–27.

II.

Federal Rule of Civil Procedure 26(a)(2)(A) requires parties to "disclose to the other parties the identity of any [expert] witness." Fed. R. Civ. P. 26(a)(2)(A). "[T]his disclosure must be accompanied by a written report . . . if the witness is one retained or specially employed to provide expert testimony . . . ." Fed. R. Civ. P. 26(a)(2)(B). This report must include "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). Parties "must make these disclosures at the times and in the sequence that the court

3

orders." Fed. R. Civ. P. 26(a)(2)(D). A report that fails to include a "complete statement of all opinions" creates "unfair surprise." Smith v. State Farm Fire & Cas. Co., 164 F.R.D. 49, 53–54 (S.D. W. Va. 1995). By failing to include Demonstration District E in their initial reports, plaintiffs failed to provide a "complete statement of all opinions." Fed. R. Civ. P. 26(a)(2)(B).

Plaintiffs concede that their witnesses did not include Demonstration District E materials in their initial reports. See [D.E. 88] 5–6. Nonetheless, plaintiffs insist that they properly included Demonstration District E in their rebuttal reports because Demonstration District E responds to criticism that Trende made in his report. See id. at 7–16. According to plaintiffs, Demonstration District E responds to Trende's opinion that "the prior split of Pasquotank County appears to largely be made on a racial basis." Id. at 8 (quotation omitted).

A proper rebuttal report responds to the opposing party's expert reports—not its claims or defenses. See Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc., No. 2:14-CV-8, 2021 WL 1555776, at *2 (E.D.N.C. Apr. 20, 2021) (unpublished). Moreover, rebuttal reports may cite new evidence only if "the new evidence and data is offered to directly contradict or rebut the opposing party's expert." Withrow v. Spears, 967 F. Supp. 2d 982, 1002 (D. Del. 2013) (quotation omitted); see Glass Dimensions, Inc. ex rel. Glass Dimensions, Inc. Profit Sharing Plan & Tr. v. State St. Bank & Tr. Co., 290 F.R.D. 11, 16 (D. Mass. 2013); Funderburk v. S.C. Elec. & Gas Co., No. 3:15-CV-4660, 2019 WL 3406814, at *4 (D.S.C. July 9, 2019) (unpublished). A rebuttal report may not present "new arguments, unless presenting those arguments is substantially justified and causes no prejudice." Funderburk, 2019 WL 3406814, at *3 (cleaned up).

To the extent plaintiffs' reports include evidence, analysis, or opinions concerning Demonstration District E, they are not proper rebuttal reports. Rather, Demonstration District E functions as a new argument that seeks to prove plaintiffs' Section 2 claim. Plaintiffs provided

4

Demonstration Districts A through D to prove that a "minority group [is] sufficiently large and [geographically] compact to constitute a majority in a reasonably configured district." Allen, 599 U.S. at 18; see [D.E. 87-1] 15–27; [D.E. 87-2] 7–11; [D.E. 87-3] 20–42. Demonstration District E is no different. Plaintiffs offer Demonstration District E to prove that such a "reasonably configured district" exists, which is an essential element of their Section 2 claim. Moreover, Demonstration District E does not "directly contradict or rebut" Trende's report. Allen, 599 U.S. at 18; Withrow, 967 F. Supp. 2d at 1002.

Plaintiffs also argue that Esselstyn created Demonstration District E in response to Trende's criticism that plaintiffs should have used the most recent 2022 American Community Survey data to create their Demonstration Districts. See [D.E. 88] 8. The portions of Esselstyn's rebuttal report that update Demonstration Districts A through D with the 2022 data are proper because those updates respond directly to Trende's criticism. See, e.g., [D.E. 87-5] 3. Esselstyn's creation of Demonstration District E, however, responds to nothing. See [D.E. 87-5] 9–14. Esselstyn admits as much in the rebuttal report:

> The Black CVAP percentages in my Demonstration Districts B and D are lower using the updated 2022 tabulation than they were using the 2020 tabulation . . . . Accordingly, I present an additional Demonstration District E, which is a majority-Black State Senate district—with a Black CVAP above 50% using the 2022 tabulation—that can be created wholly within the outer boundary of current Senate Districts 1 and 2.

See id. at 3 (emphasis added). Demonstration District E does not "directly contradict or rebut" Trende's critiques. Withrow, 967 F. Supp. 2d at 1002. Rather, it impermissibly attempts to bolster plaintiffs' Section 2 claim after-the-fact. "Rebuttal evidence may be used to challenge the evidence or theory of an opponent . . . not to establish a case-in-chief." Marmo v. Tyson Fresh Meats, Inc., 457 F.3d 748, 759 (8th Cir. 2006); see Cates v. Sears, Roebuck & Co., 928 F.2d 679,

5

685 (5th Cir. 1991). Accordingly, any material relating to Demonstration District E is improper rebuttal evidence.

Alternatively, plaintiffs argue that the Demonstration District E material qualifies as a supplement to their initial expert reports under Federal Rule of Civil Procedure 26(e). See [D.E. 88] 16–18. Rule 26(e) requires a supplemental report when a party "learns that in some material respect the disclosure or response is incomplete or incorrect." Fed. R. Civ. P. 26(e). Rule 26(e) does not, however, create a "right to produce information in a belated fashion." EEOC v. Freeman, 961 F. Supp. 2d 783, 797 (D. Md. 2013), aff'd in part sub nom. E.E.O.C. v. Freeman, 778 F.3d 463 (4th Cir. 2015). Correcting an inadvertent error or completing a report with information that was not available by the initial disclosure deadline exemplify proper supplemental reports. See Freeman, 961 F. Supp. 2d at 797; Keener v. United States, 181 F.R.D. 639, 640 (D. Mont. 1998). Courts, however, distinguish "true supplementation . . . from gamesmanship." Gallagher v. S. Source Packaging, LLC, 568 F. Supp. 2d 624, 631 (E.D.N.C. 2008) (quotation omitted). To that end, courts repeatedly reject attempts to provide "new and improved" expert reports under the guise of supplementation. Id.; see Solaia Tech., LLC v. ArvinMeritor, Inc., 361 F. Supp. 2d 797, 806–07 (N.D. Ill. 2005); Coles v. Perry, 217 F.R.D. 1, 3–4 (D.D.C. 2003).

Plaintiffs are not attempting to correct an inadvertent error or complete a report with previously unobtainable information. Indeed, plaintiffs had access to the 2022 data that Esselstyn belatedly used to calculate Demonstration District E. See [D.E. 88] 17. Plaintiffs instead attempt to provide a "new and improved" expert report that will give them another bite at the apple. Gallagher, 568 F. Supp. 2d at 631. Rule 26(e) does not permit such "gamesmanship." Id. Accordingly, the material relating to Demonstration District E is improper supplementation.

6

III.

The legislative defendants seek to strike and exclude Demonstration District E from trial as improper nondisclosure under Federal Rule of Civil Procedure 37. See [D.E. 86] 12–14. "Under Rule 37(c)(1), the court must assess whether the nondisclosure was substantially justified or harmless." Ali v. WorldWide Language Res., LLC, 686 F. Supp. 3d 430, 444–45 (E.D.N.C. 2023); see Fed. R. Civ. P. 37(c)(1); S. States Rack & Fixture v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2003). "The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." Bresler v. Wilmington Tr. Co., 855 F.3d 178, 190 (4th Cir. 2017). The court must consider "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." S. States, 318 F.3d at 596; see Ali, 686 F. Supp. 3d at 445.

These factors favor exclusion. As for surprise, plaintiffs first mention Demonstration District E in Esselstyn's rebuttal report. See [D.E. 87-5] 3. The legislative defendants had no reason to expect that plaintiffs would make such a substantial addition through an expert rebuttal report. Moreover, Trende premised his report on the four demonstration districts that plaintiffs initially provided. See [D.E. 87-4] 6; [D.E. 89] 7.

As for curing surprise, the court's scheduling order barred the legislative defendants from adequately responding to Demonstration District E. See [D.E. 81]. The legislative defendants had to disclose their expert reports on August 16, 2024. See id. at 1. It was not until August 30, 2024, that plaintiffs' rebuttal reports disclosed Demonstration District E. See [D.E. 87-5]; [D.E. 87-7]; [D.E. 87-8]. Plaintiffs argue that the legislative defendants could have cured their surprise because

7

discovery did not close until October 4, 2024. See [D.E. 88] 17. Plaintiffs ignore, however, that the legislative defendants would need at least one expert report, if not more, to cure the surprise. VRA cases generally have an "unusually complex fact pattern" and require expert testimony. Westwego Citizens for Better Gov't v. City of Westwego, 872 F.2d 1201, 1203 (5th Cir. 1989) (quotation omitted). To illustrate, the attached expert materials in this round of briefing alone stretch to nearly 1,000 pages. See [D.E. 87]; [D.E. 88]; [D.E. 89]. Without the ability to file another expert report, the legislative defendants' ability to cure the surprise was substantially impaired. See [D.E. 81].

As for trial disruption, permitting Demonstration District E material at trial would necessitate an amended scheduling order and disrupt a rapidly approaching trial that plaintiffs have repeatedly requested to have at the earliest possible opportunity. See [D.E. 70-2] 3; [D.E. 80-2] 3. Under Rule 37, "[d]isruption to the schedule of the court and other parties . . . is not harmless." Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005).

As for the importance of Demonstration District E, plaintiffs hope to use it to prove an essential element of their Section 2 claim. See Allen, 599 U.S. at 18. Specifically, plaintiffs must prove that a "reasonably configured district" exists and Demonstration District E is their latest attempt. Id. As such, plaintiffs should have included Demonstration District E in their original reports.

Finally, the court rejects plaintiffs' nondisclosure explanation. Simply because Esselstyn preferred to source his data from an online clearinghouse rather than disaggregate it himself— something he candidly admitted he could do—fails to justify plaintiffs' failure to disclose an additional demonstrative district. See [D.E. 87-6] 39. Having reviewed the evidence and weighed the Southern States factors, the court concludes that "plaintiffs' nondisclosure was not

8

substantially justified or harmless." Ali, 686 F. Supp. 3d at 445. Accordingly, the court strikes and excludes all material related to Demonstration District E.

IV.

In sum, the court GRANTS the legislative defendants' motion to exclude [D.E. 86]. Plaintiffs' expert reports, insofar as they refer to Demonstration District E, are hereby stricken and plaintiffs are prohibited from offering any evidence relating to Demonstration District E at trial.

SO ORDERED. This 18 day of December, 2024.

JAMES C. DEVER III
United States District Judge

9

Case 4:23-cv-00193-D-RN    Document 91    Filed 12/18/24    Page 9 of 9