# Exhibit B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

| | |
|---|---|
| RODNEY D. PIERCE and<br>MOSES MATTHEWS,<br><br>      Plaintiffs,<br><br>  v.<br><br>THE NORTH CAROLINA STATE BOARD<br>OF ELECTIONS, *et al.*,<br><br>      Defendants. | Case No. 4:23-cv-193-D |

**<u>SENATOR WARREN DANIEL'S OBJECTIONS TO PLAINTIFFS' SUBPOENA FOR THE PRODUCTION OF DOCUMENTS</u>**

  Senator Warren Daniel, in his official capacity ("Sen. Daniel"), by and through undersigned counsel and pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, serves his objections to Plaintiffs' Subpoena to Produce Documents or Information, served on Sen. Daniel via email on August 27, 2024 in the above-captioned matter, as follows:

**<u>RESERVATION OF RIGHTS</u>**

  Sen. Daniel makes the following answers, responses, and objections to Plaintiffs' Subpoena to Produce Documents or Information ("Document Requests"). Each of the following responses is made subject to any and all objections as to competence, relevance, or other grounds that would require exclusion of such statement if made by a witness present and testifying in court. Any and all such objections and grounds are expressly reserved and may be interposed at the time of the trial.

  Since the Federal Rules of Civil Procedure prohibit discovery of privileged matters, Sen. Daniel has attempted to interpret each Document Request to call for discoverable matter only. To

1

the extent any response or produced document contains or refers to matters otherwise protected from discovery by the work product doctrine, the attorney-client privilege, or the legislative privilege, no waiver is intended; nor is any waiver intended as to any other matters that are or may be subject to such protection or otherwise privileged.

These objections and responses are provided solely for the purpose of and in relation to this action.

## **REQUESTS FOR DOCUMENTS**

1. Produce all documents and communications relating to, identifying, describing, or discussing the boundaries of Districts 1 and/or 2 in 2023 SL 146.

**RESPONSE:** Sen. Daniel objects to this Document Request to the extent it calls for information covered by the attorney-client privilege, legislative privilege, or any other applicable privileges or protections. Sen. Daniel further objects to this Document Request on the grounds that it is overbroad, unduly burdensome, and is not relevant or proportionate to the needs of the case because it purports to seek documents from an undefined and potentially limitless group of individuals regarding district boundary considerations prior to the introduction of the legislation at issue in this matter, regardless of if these individuals and their creation or consideration of the district(s) was even for a private, fleeting moment, and regardless of if the district(s) were ever introduced to the Senate Redistricting Committee. Sen. Daniel further objects to this Document Request on the grounds that he does not speak for the entire Senate Redistricting Committee or any of its other members. Sen. Daniel also objects to this Document Request to the extent it seeks information contained in the legislative record that is publicly known and equally available to Plaintiffs.

2. Produce all documents and communications relating to, identifying, describing, or discussing any criteria that were used in drawing, revising, or otherwise creating the district boundaries in 2021 SL 173, 2022 SL 2, and/or 2023 SL 146.

**RESPONSE:** Sen. Daniel objects to this Document Request on the grounds that it is duplicative of Plaintiffs' other Document Requests. Sen. Daniel further objects to this to the extent it calls for information covered by the attorney-client privilege, legislative privilege, or any other applicable privileges or protections. Sen. Daniel further objects to this Document Request on the grounds that it is overbroad, unduly burdensome, and is not relevant or proportionate to the needs of the case because it purports to seek documents from an undefined and potentially limitless group of individuals regarding district boundary considerations prior to the introduction of the legislation at issue in this matter regardless of if these individuals and their creation or consideration of the district(s) was even for a private, fleeting moment. Moreover, as drafted this Document Request appears to seek information regarding all potential Senate district boundaries, regardless of if the district(s) were ever introduced to the Senate Redistricting Committee or challenged here, and purports to seek discovery into maps that are not challenged in the present matter, which were subject to adjudication in separate cases. Sen. Daniel further objects to this Document Request on the grounds that he does not speak for the entire Senate Redistricting Committee or any of its other members. Sen. Daniel also objects to this Document Request to the extent it seeks information contained in the legislative record that is publicly known and equally available to Plaintiffs.

Subject to and without waiving the foregoing objections, and in accordance with the Rule 26(f) Report, Dkt. no. 82, Sen. Daniel refers Plaintiffs to the redistricting criteria for the 2023 Senate Plan is publicly available on the General Assembly's website, at: https://webservices.ncleg.gov/ViewDocSiteFile/81644. Regarding this Document Request's reference to prior plans other than the one challenged in this case, Sen. Daniel refers Plaintiff to the

publicly available legislative record(s) for those plans, as well as the dockets and opinions for in *Harper v. Hall*, 384 N.C. 292, 886 S.E.2d 393 (2023), *Common Cause v. Lewis*, No. 18 CVS 014001, 2019 WL 4569584 (N.C. Super. Ct. Sep. 03, 2019), *Covington v. North Carolina*, 316 F.R.D. 117 (M.D.N.C. 2016), *aff'd*, 581 U.S. 1015, 137 S. Ct. 2211, 198 L. Ed. 2d 655 (2017), and *Cooper v. Harris*, 581 U.S. 285, 137 S. Ct. 1455, 197 L. Ed. 2d 837 (2017), as applicable.

3. Produce all documents and communications, including any reports, studies, or analyses, regarding or relating to whether any or all of the three *Gingles* preconditions are satisfied in North Carolina that were considered by, conducted by, reviewed by, presented to, or sent to or from you, the Senate Redistricting Committee, or any legislative staff in connection with any redistricting of North Carolina from 2020 to the present.

**RESPONSE:** Sen. Daniel objects to this Document Request to the extent it calls for information covered by the attorney-client privilege, legislative privilege, or any other applicable privileges or protections. Sen. Daniel further objects to this Document Request on the grounds that it is overbroad, unduly burdensome, and is not relevant or proportionate to the needs of the case because it purports to seek discovery into maps that are not challenged in the present matter, and which were subject to adjudication in separate cases. Sen. Daniel further objects to this Document Request on the grounds that he does not speak for the entire Senate Redistricting Committee, any of its other members, or all legislative staff. Sen. Daniel also objects to this Document Request to the extent it seeks information contained in the legislative record that is publicly known and equally available to Plaintiffs. Sen. Daniel further objects to this Document Request as premature to the extent it seeks the disclosure of expert opinions in this matter ahead of the disclosure time contemplated in the court's scheduling order. [Dkt. no. 81].

Subject to and without waiving the foregoing objections, and in accordance with the Rule 26(f) Report, Dkt. no. 82, Sen. Daniel directs Plaintiffs to the publicly available legislative record for the Senate Plan and the expert reports of Dr. Jeffrey Lewis in the consolidated matters of *North*

4

*Carolina League of Conservation Voters v. Hall*, Wake Cnty. Super. Ct. No. 21CVS015426 and *Harper v. Hall*, Wake Cnty. Super. Ct. No. 21CVS50085, all of which are publicly available, already in the possession of Plaintiffs' counsel, and which speak for themselves.

4. Produce all documents and communications, including any reports, studies, or analyses, regarding or relating to the presence or absence of racially polarized voting in North Carolina or any part of North Carolina that were considered by, conducted by, reviewed by, presented to, or sent to or from you, the Senate Redistricting Committee, or any legislative staff in connection with any redistricting of North Carolina from 2020 to the present.

**RESPONSE:** Sen. Daniel objects to this Document Request to the extent it calls for information covered by the attorney-client privilege, legislative privilege, or any other applicable privileges or protections. Sen. Daniel further objects to this Document Request on the grounds that it is overbroad, unduly burdensome, and is not relevant or proportionate to the needs of the case because it purports to seek discovery into maps that are not challenged in the present matter, and which were subject to adjudication in separate cases. Sen. Daniel further objects to this Document Request on the grounds that he does not speak for the entire Senate Redistricting Committee, any of its other members, or all legislative staff. Sen. Daniel also objects to this Document Request to the extent it seeks information contained in the legislative record that is publicly known and equally available to Plaintiffs. Sen. Daniel further objects to this Document Request as premature to the extent it seeks the disclosure of expert opinions in this matter ahead of the disclosure time contemplated in the court's scheduling order. [Dkt. no. 81].

Subject to and without waiving the foregoing objections, and in accordance with the Rule 26(f) Report, Dkt. no. 82, Sen. Daniel directs Plaintiffs to the publicly available legislative record for the Senate Plan and the expert reports of Dr. Jeffrey Lewis in the consolidated matters of *North Carolina League of Conservation Voters v. Hall*, Wake Cnty. Super. Ct. No. 21CVS015426 and

5

*Harper v. Hall*, Wake Cnty. Super. Ct. No. 21CVS50085, all of which are publicly available, already in the possession of Plaintiffs' counsel, and which speak for themselves.

5. Produce all documents and communications, including any reports, studies, or analyses, regarding or relating to the performance or anticipated or potential performance of the Senate plans enacted by 2021 SL 173, 2022 SL 2, and/or 2023 SL 146, or of any individual districts in any of those Senate plans.

**RESPONSE:** Sen. Daniel objects to this Document Request to the extent it calls for information covered by the attorney-client privilege, legislative privilege, or any other applicable privileges or protections. Sen. Daniel further objects to this Document Request that it is vague and ambiguous, as the terms "performance" and "anticipated or potential performance" are undefined, subject to multiple meanings and interpretations. Sen. Daniel further objects on the grounds that it is overbroad, unduly burdensome, and is not relevant or proportionate to the needs of the case because it purports to seek discovery into maps and individual districts that are not challenged in the present matter, and which were subject to adjudication in separate cases. Sen. Daniel also objects to this Document Request to the extent it seeks information contained in the legislative record that is publicly known and equally available to Plaintiffs. Sen. Daniel further objects to this Document Request as premature to the extent it seeks the disclosure of expert opinions in this matter ahead of the disclosure time contemplated in the court's scheduling order. [Dkt. no. 81].

Subject to and without waiving the foregoing objections, and in accordance with the Rule 26(f) Report, Dkt. no. 82, Sen. Daniel directs Plaintiffs to the publicly available legislative record for each of these maps, as well as the public case documents and authors of relevant expert opinions in *Harper v. Hall*, 384 N.C. 292, 886 S.E.2d 393 (2023), *Common Cause v. Lewis*, No. 18 CVS 014001, 2019 WL 4569584 (N.C. Super. Ct. Sep. 03, 2019), *Covington v. North Carolina*, 316 F.R.D. 117 (M.D.N.C. 2016), *aff'd*, 581 U.S. 1015, 137 S. Ct. 2211, 198 L. Ed. 2d 655 (2017), and *Cooper v.*

*Harris*, 581 U.S. 285, 137 S. Ct. 1455, 197 L. Ed. 2d 837 (2017), all of which are publicly available, and which speak for themselves.

6. Produce all documents and communications, including any reports, studies, or analyses, regarding or relating to whether any or all of the Senate Factors are satisfied for North Carolina or any part of North Carolina that were considered by, conducted by, reviewed by, presented to, or sent to or from you, the Senate Redistricting Committee, or any legislative staff in connection with any redistricting of North Carolina from 2020 to the present.

**RESPONSE:** Sen. Daniel objects to this Document Request to the extent it calls for information covered by the attorney-client privilege, legislative privilege, or any other applicable privileges or protections. Sen. Daniel further objects to this Document Request on the grounds that it is overbroad, unduly burdensome, and is not relevant or proportionate to the needs of the case because it purports to seek discovery into maps that are not challenged in the present matter, and which were subject to adjudication in separate cases. Sen. Daniel also objects to this Document Request on the grounds that it is vague and ambiguous, as the phrase "whether any or all of the Senate Factors are satisfied" is a question for the court to determine. Sen. Daniel further objects to this Document Request on the grounds that he does not speak for the entire Senate Redistricting Committee, any of its other members, or all legislative staff. Sen. Daniel also objects to this Document Request to the extent it seeks information contained in the legislative record that is publicly known and equally available to Plaintiffs. Sen. Daniel further objects to this Document Request as premature to the extent it seeks the disclosure of expert opinions in this matter ahead of the disclosure time contemplated in the court's scheduling order. [Dkt. no. 81].

Subject to and without waiving the foregoing objections, and in accordance with the Rule 26(f) Report, Dkt. no. 82, Sen. Daniel directs Plaintiffs to the publicly available legislative record for

the 2021, 2022, and 2023 Senate Redistricting Committee regarding the 2021, 2022, and 2023 districting process.

7. Produce all draft maps or portions of draft maps reflecting or containing one or more actual or potential Senate districts containing one or more of the Majority Black Counties that were created or considered in connection with, or in anticipation of, the introduction and enactment of 2023 SL 146, whether or not presented to or by the Senate Redistricting Committee.

**RESPONSE:** Sen. Daniel objects to this Document Request to the extent it calls for information covered by the attorney-client privilege, legislative privilege, or any other applicable privileges or protections. Sen. Daniel further objects to this Document Request on the grounds that it is vague and ambiguous as the phrase "created or considered" as used in the Document Request is undefined and subject to multiple meanings and interpretations. Sen. Daniel further objects to this Document Request on the grounds that it is overbroad and unduly burdensome, and is not relevant or proportionate to the needs of the case because it purports to seek documents from an undefined and potentially limitless group of individuals regarding district boundary considerations prior to the introduction of the legislation at issue in this matter, regardless of if these individuals and their creation or consideration of the district(s) was even for a private, fleeting moment, and regardless of if the district(s) were ever introduced to the Senate Redistricting Committee. Read literally, this Document Request seeks identification of every single district line move or proposed move, even prior to the introduction of the legislation at issue here, a request which by its very nature is overbroad and unduly burdensome. Furthermore, as written, this Document Request seeks all maps created by any other person to which Sen. Daniel does not have knowledge of that may have been considered by any member of the General Assembly regarding the introduction and enactment of the 2023 Senate Plan. Sen. Daniel simply cannot ascertain the knowledge or actions of all other persons, and does not speak for the entire Senate Redistricting Committee or any of its other members. Sen. Daniel also

8

objects to this Document Request to the extent it seeks information contained in the legislative record that is publicly known and equally available to Plaintiffs.

This the 9th day of September, 2024.

<table>
<tr><td>

**BAKER & HOSTETLER LLP**

Richard B. Raile*
DC Bar No. 1015689
Katherine L. McKnight*
Trevor Stanley*
1050 Connecticut Ave. NW
Suite 1100
Washington DC 20036
Ph: (202) 861-1500
rraile@bakerlaw.com
kmcknight@bakerlaw.com
tstanley@bakerlaw.com

Rachel Hooper*
Texas State Bar no. 24039102
Tyler G. Doyle*
Texas State Bar no. 24072075
811 Main Street, Suite 1100
Houston, Texas 77002
Ph: (713) 751-1600
rhooper@bakerlaw.com
tgdoyle@bakerlaw.com

Patrick T. Lewis*
Ohio State Bar no. 0078314
Key Tower
127 Public Square, Suite 2000
Cleveland, Ohio 44114
Ph: (216) 621-0200
plewis@bakerlaw.com

Erika Dackin Prouty*
Ohio State Bar No. 0095821
200 Civic Center Drive, Suite 1200
Columbus, OH 43215
(614) 462-4710
eprouty@bakerlaw.com

*\* Appeared via Special Notice*

</td><td>

**NELSON MULLINS RILEY & SCARBOROUGH LLP**

By: /s/ Alyssa M. Riggins
    Phillip J. Strach
    North Carolina State Bar no. 29456
    Alyssa M. Riggins
    North Carolina State Bar no. 52366
    Cassie A. Holt
    North Carolina State Bar no. 56505
    Jordan A. Koonts
    North Carolina State Bar no. 59363
    301 Hillsborough Street, Suite 1400
    Raleigh, North Carolina 27603
    Ph: (919) 329-3800
    phil.strach@nelsonmullins.com
    alyssa.riggins@nelsonmullins.com
    cassie.holt@nelsonmullins.com
    jordan.koonts@nelsonmullins.com

*Attorneys for Senator Daniel*

</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that the forgoing document was served by email on all counsel of record in this action.

This the 9th day of September, 2024.

                                                **NELSON MULLINS RILEY & SCARBOROUGH LLP**

                                                /s/ Alyssa M. Riggins
                                                Alyssa M. Riggins
                                                N.C. State Bar No. 52366